UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Emery McKee;<br><br>Plaintiff;<br><br>vs.<br><br>Movie Gallery; Deputy D. Tucker; and Deputy P. Reed;<br><br>Defendants. | C/A No. 3:06-0216-CMC-JRM<br><br>**Report and Recommendation** |

The Plaintiff Emery McKee (the "Plaintiff) has brought action against three defendants claiming violation of rights protected by the United States Constitution. Plaintiff has applied to this Court to proceed without prepayment of filing fees under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(b), D.S.C., this magistrate judge is authorized to review actions brought *in forma pauperis* and submit findings and recommendations to the District Court.

**FACTUAL BACKGROUND**

The factual allegations in the Complaint are sparse. Plaintiff claims that "on June 21, 2004, employees of Defendant Movie Gallery reported that an armed robbery had taken place at the store perpetrated by a white male." [Docket Entry #1, p. 2.] Plaintiff alleges that "Defendant Tucker took a photograph of the Plaintiff to Defendant Movie Gallery, suggesting to them that the Plaintiff was the robber although Defendant Tucker had no reason to believe this was true. Defendant through its employees falsely identified Plaintiff as the robber." [Docket Entry #1, p. 2.] Since these are the only factual allegations made regarding the Movie Gallery (hereafter, "the Gallery"), Plaintiff's claims against the Gallery are basically: (1) Gallery through its

employees reported a robbery by a white male on June 21, 2004; and (2) Gallery through its employees identified Plaintiff as the white male who robbed the store because of a "suggestive" photo identification of him.

Defendants Tucker and Reed are police officers. Plaintiff reports that they arrested him, thereby causing Plaintiff to be:

> intimidated, terrorized, and restrained from the exercise of his right to liberty and freedom of movement and suffered intense distress, public humiliation and other injury, incurred defense costs, damage to his reputation and loss of income.

[Docket Entry #1, p. 3.] Plaintiff seeks to recover monetary damages from all the Defendants under 42 U.S.C. § 1983, § 1985 and § 1986 and also on claims of false arrest and malicious prosecution. Plaintiff states that the prosecution for armed robbery "has been terminated in the Plaintiff's favor." [Docket Entry #1, p. 4.]

**NO RECOVERY FROM DEFENDANT GALLERY UNDER 42 U.S.C. § 1983**

United States District Courts, as federal courts established by the United States Congress, are limited in their jurisdiction to "federal question" and "diversity" cases pursuant to 28 U.S.C. § 1331 and § 1332. An action for violation of civil rights under 42 U.S.C. §1983, § 1985 and/or § 1986 presents a "federal question" case which means that Congress establishes by statute the basis contours of litigation to enforce its provisions. "Diversity" jurisdiction requires that the parties be citizens of different states and that the value of the claim exceed a statutory jurisdictional amount.

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980); and American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52 (1999).

The Gallery is a private business alleged by the Plaintiff to "reside" in this District. [Docket Entry # 3, p. 2]. The conduct of private individuals or corporations must take place as "state action" or under "color of state law" to be actionable pursuant to 42 U.S.C. § 1983. A private individual or corporation must be a willful participant in joint action with the State or with an agent of the State. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. See Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982); and Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961).[1]

Whether private conduct rises to the level of state action necessarily depends on the relationship between the activity and the governmental entity. The inquiry is: "whether there is a sufficiently close nexus between the State and the challenged action. . . so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). In Blum v. Yaretsky, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. "Mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives under the terms of the Fourteenth Amendment." 457 U.S. at 1004-1005.

Plaintiff's allegations that the Gallery reported a crime and accepted a suggestive photo identification of him as the perpetrator fails even to suggest that Gallery was acting under color

---

[1] – Burton involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. However, federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. §1983 are concerned. West v. Atkins, 487 U.S. 42, 48-49 (1988)(collecting cases)

of state law. The Complaint fails to state a claim under 42 U.S.C . § 1983 upon which relief could be granted by this Court.

**NO RECOVERY FROM DEFENDANT GALLERY ON TORT CLAIMS**

Actions for intentional infliction of emotional distress by false arrest and/or malicious prosecution are governed by the common law of South Carolina. See Ford v. Hutson, 276 S.E. 2d 776 (S.C. 1981); Cisson v. Pickens Sav. & Loan Association, 186 S.E. 2d 822 (S.C. 1972); Huggins v. Winn-Dixie Greenville, Inc., 153 S.E. 2d 693 (S.C. 1967); Parrott v. Plowden Motor Company, 143 S.E. 2d 607 (S.C. 1965). Such claims would be cognizable in this court under the diversity statute, if that statute's requirements were satisfied. Cianbro Corporation v. Jeffcoat and Martin, 804 F. Supp. 784, 788-791, (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993). It is obvious from the Plaintiff's Complaint and Answers to Rule 26.01 interrogatories, however, that both he and the Gallery are citizens of South Carolina. Therefore, this Court lacks "diversity" jurisdiction with regard to this claim. Plaintiff should present his claims against the Gallery for false arrest and malicious prosecution to a South Carolina Court of Common Pleas.

**NO RECOVERY FROM DEFENDANT GALLERY UNDER 42 U.S.C. § 1983**

Plaintiff alleges a conspiracy and/or failure to prevent a conspiracy among the Defendants and seeks to recover damages under 42 U.S.C. § 1985 and § 1986. He nowhere alleges specific conduct by Gallery constituting a conspiracy. This failure to allege facts to support the § 1985 or § 1986 claims contrasts with his allegations of specific conduct – reporting a crime and accepting a suggestive identification – under his § 1983 claim (albeit, the allegations fail to support a § 1983 cause of action).

Section 2 of the Civil Rights Act of 1871, 17 Stat. 13 – codified as 42 U.S.C. § 1985 –

proscribes five broad classes of conspiratorial activity. Kush v. Rutledge, 460 U.S. 719, 724 (1983), enumerates them: "[o]ne of the five classes of prohibited conspiracy is proscribed by § 1985(1), two by § 1985(2), and two by § 1985(3). . . . Three of the five broad categories, the first two and the fifth, relate to institutions and processes of the federal government[.]" The remaining two categories encompass underlying activity that is not institutionally linked to federal interests and that is usually of primary state concern. The second part of § 1985(2) applies to conspiracies to obstruct the course of justice in state courts, and the first part of § 1985(3) provides a cause of action against two or more persons who "conspire or go in disguise on the highway or on the premises of another." Id. at 725.

The Complaint does not indicate on which subsection of § 1985 Plaintiff relies in making this claim. Since the Complaint contains no allegations of misconduct as to the *federal* government, Plaintiff must necessarily rely on either subsection (2) or (3). The second clause of subsection (2) proscribes the conspiring of two or more persons:

> for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

Subsection (3) provides, in pertinent part:

> If two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

Both subsection (3) and the second clause of subsection (2) contain language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal

protection of the laws. Id. In Griffin v. Breckenridge, 403 U.S. 88 (1971), the United States Supreme Court clarified that the reach of § 1985(3) is limited to private conspiracies predicated on "racial, or perhaps otherwise class based invidiously discriminatory animus." Id. at 102. This showing of race- or class-based animus has been extended by several courts of appeal also to apply to claims under the second clause of § 1985(2). *E.g.*, Davis v. Township of Hillside, 190 F.3d 167, 171 (3d Cir. 1999); Levi v. University of Texas, 840 F.2d 277, 282 (5th Cir. 1988); Nowicki v. Ullsvik, 69 F.3d 1320, 1325 (7th Cir. 1995); Coleman v. Garber, 800 F.2d 188, 190-91 (8th Cir. 1986); Portman v. County of Santa Clara, 995 F.2d 898, 909 (9th Cir. 1993); *cf.* Glass v. Pfeffer, 849 F.2d 1261, 1265 n. 2 (10th Cir. 1988). Plaintiff has alleged neither race- nor class-based animus. His conspiracy claim has no merit.

Plaintiff's failure to allege that Gallery participated in a conspiracy under any subsection of § 1985 precludes any claim under 42 U.S.C. § 1986. In Rogin v. Bensalem Township, 616 F.2d 680, 696 (3rd Cir. 1980), the United States Court of Appeals for the Third Circuit explained:

> Section 1985(3) establishes a cause of action against any person who enters into a private conspiracy for the purpose of depriving the claimant of the equal protection of the laws. Section 1986 is a companion to § 1985(3) and provides the claimant with a cause of action against any person who, knowing that a violation of s 1985 is about to be committed and possessing power to prevent its occurrence, fails to take action to frustrate its execution. Because transgressions of § 1986 by definition depend on a preexisting violation of § 1985, if the claimant does not set forth a cause of action under the latter, its claim under the former necessarily must fail also.

See also McCalden v. California Library Ass'n, 955 F.2d 1214 9th Cir. 1990); Grimes v. Smith, 776 F.2d 1359 (7th Cir. 1985).

**SECTION 1915 SCREENING**

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against

possible abuses of this privilege, the statute directs that a district court "shall dismiss" a case upon a finding that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A claim based on a meritless legal theory may be dismissed *sua sponte*. *See* Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995). In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. Id. Under 28 U.S.C. §1915A, federal courts are specifically directed to screen and dismiss prisoner complaints which fail to state a claim upon which relief may be granted.

**RECOMMENDATION**

Accordingly, it is recommended that the Movie Gallery be dismissed as a party defendant in this action. The Plaintiff's attention is directed to the important notice on the next page.

Respectfully Submitted

s/Joseph R. McCrorey
United States Magistrate Judge

January 26, 2006
Columbia, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**