IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Emery McKee, | ) | C/A NO. 3:06-216-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Deputy D. Tucker and Deputy T. Reed, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Defendants' motion for summary judgment. Plaintiff has responded to the motion in opposition, indicating that he wishes to dismiss Defendant Reed from this action, and wishes to dismiss his conspiracy claims under 42 U.S.C. §§ 1985 and 1986. The court **grants** Plaintiff's motion, dismisses Defendant Reed from this matter with prejudice, and dismisses Plaintiff's conspiracy claims with prejudice. Therefore, the court evaluates Defendants' motion as it relates to Defendant Tucker only. For the reasons stated below, Defendant Tucker's motion for summary judgment is **granted** and this matter is dismissed with prejudice.[1]

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

_____

[1]Plaintiff originally named another Defendant, Movie Gallery. This defendant was dismissed by order of this court on February 22, 2006.

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

In deciding a summary judgment motion, the court must look beyond the pleadings and determine whether there is a genuine need for trial. *Matsushita  Electric Industrial Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986). If the defendant carries its  burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex  Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). An issue of fact is "genuine" if the evidence is such that a  reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. An issue of fact concerns

2

"material" facts only if establishment of the fact might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

Taken in the light most favorable to Plaintiff, the facts are as follows. On June 21, 2004, the Movie Gallery, a movie rental business located in Richland County, South Carolina, was robbed by an armed perpetrator. Defendant Darrell Tucker (Tucker), a Deputy Sheriff employed by the Richland County Sheriff's Department, was one of the investigating officers. The Movie Gallery had a security camera which was operational during the time of the robbery. Upon viewing the videotape of the robbery, which was of questionable quality, Tucker believed that he recognized Plaintiff (whom he knew from at least one previous encounter) as the perpetrator. Tucker obtained a photograph of Plaintiff and presented it with five other photographs in a photographic lineup to the two Movie Gallery employees present during the robbery. Tucker showed this photographic lineup to the employee-victims separately, and both employees identified Plaintiff's photograph as that of the person who had robbed the Movie Gallery.

A Richland County Magistrate thereafter issued an arrest warrant for Plaintiff.[2] Plaintiff was arrested pursuant to that warrant on June 21, 2004. On June 23, 2004, an armed robbery occurred at a movie rental business in Winnsboro, South Carolina. During this robbery, the perpetrator committed the crime using a similar *modus operandi* as that employed in the June 21 robbery. At

---

[2]A search warrant was also issued for Plaintiff's residence. Plaintiff makes no claim based on the search warrant or the search of his residence.

3

the time of the robbery on June 23, 2004, Plaintiff was incarcerated in the Richland County Detention Center.

On August 19, 2004, a preliminary hearing was held in Plaintiff's case before a Richland County Magistrate. After hearing sworn testimony and reviewing evidence, the Magistrate bound Plaintiff over for trial in the Richland County Court of General Sessions.

On March 16, 2005, a Richland County grand jury returned a "No Bill" on the proposed indictment, and Plaintiff was released by Richland County authorities.

On January 20, 2006, Plaintiff brought this action, asserting causes of action under 42 U.S.C. § 1983 (claiming violations of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights); conspiracy claims under 42 U.S.C. §§ 1985 and 1986; and claims for malicious prosecution and false arrest.[3] Defendant's motion for summary judgment does not address Plaintiff's false arrest claim.

Defendant seeks qualified immunity in his motion for summary judgment. The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), held that "[g]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818. Thus, determining whether an official is entitled to qualified immunity requires that the court make a two-step inquiry "in proper sequence." *Parrish v. Cleveland*, 372 F.3d 294, 301-02 (4th Cir. 2004) (quoting *Saucier v. Katz*, 533 U.S. 194, 200 (2001)). As a threshold matter, the court must determine whether, taken in the light most favorable

---

[3]Defendant's motion for summary judgment presumes that Plaintiff is proceeding under § 1983 on his malicious prosecution claim, not its state common law counterpart. Plaintiff responds to Defendant's motion relating to his claim for "malicious prosecution under 42 USC 1983." Plaintiff's Memo. in Opp. at 2 (Dkt. # 25, Jan. 15, 2007). Therefore, the court presumes that Plaintiff is seeking relief under § 1983 on this claim.

to the plaintiff, the facts alleged show that the official's conduct violated a constitutional right. *Id*.

If the facts, so viewed, do not establish a violation of a constitutional right, the inquiry ends, and the

plaintiff cannot prevail. *Id*. If the facts do establish such a violation, however, the next step is to

determine whether the right violated was clearly established at the time of the alleged offense. *Id*.

In determining whether the right violated was clearly established, the court defines the right "in light

of the specific context of the case, not as a broad general proposition." *Id*. "If the right was not

clearly established in the 'specific context of the case'–that is, if it was not 'clear to a reasonable

officer' that the conduct in which he allegedly engaged 'was unlawful in the situation he

confronted'–then the law affords immunity from suit." *Id*. (quoting *Saucier*, *supra*, 533 U.S. at 201).

"Fourth Circuit precedent is one source for determining whether the law was clearly established at

the time of the alleged violation." *Vathekan v. Prince George's County*, 154 F.3d 173, 179 (4th Cir.

1998); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 251 (4th Cir. 1999) (quoting *Jean v.

Collins*, 155 F.3d 701, 709 (4th Cir.1998) (en banc)) ("In determining whether a right was clearly

established at the time of the claimed violation, 'courts in this circuit [ordinarily] need not look

beyond the decisions of the Supreme Court, this court of appeals, and the highest court of the state

in which the case arose . . . .'").

### Fourth Amendment Claim – Malicious Prosecution[4]

"The Fourth Amendment prohibits law enforcement officers from making unreasonable

seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v.*

---

[4]"[T]here is no such thing as a '§ 1983 malicious prosecution' claim. . . . [Such a claim] is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution – specifically, the requirement that the prior proceeding terminate favorably to the plaintiff." *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000).

*City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). Allegations that law enforcement seized Plaintiff "pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor are sufficient to state a . . . claim alleging a seizure that was violative of the Fourth Amendment." *Id.* at 183-84. Therefore, Plaintiff must not only show that his arrest was without probable cause, but that the state criminal proceedings terminated in his favor. While a state grand jury returned a "No Bill" on the proposed indictment, *see Margolis v. Telech*, 122 S.E.2d 417 (S.C. 1961) (copy of "no bill" indictment admissible to show termination of proceedings in Plaintiff's favor), it cannot be said that Plaintiff's arrest was without probable cause.

"'Probable cause,' for Fourth Amendment purposes, means 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Pritchett v. Alford*, 973 F.2d 307, 314 (4th Cir. 1992) (quoting *Michigan v. De Fillippo*, 443 U.S. 31, 37 (1979)). Two factors govern the determination of probable cause in any situation: "the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct." *Id*. Therefore, probable cause "could be lacking in a given case, and an arrestee's right violated, either because of an arresting officer's insufficient factual knowledge, or legal misunderstanding, or both." *Id*.

Tucker avers that he "believed that [Plaintiff] was the individual on the videotape." Aff. of Darrell T. Tucker at 2 (Dkt. # 23-2, filed Dec. 29, 2006). Additionally, the two employee-victims separately identified Plaintiff from a photographic lineup as the perpetrator. Finally, on August 19, 2004, a Richland County Magistrate held a preliminary hearing and, after receiving testimony and exhibits, determined that probable cause existed for the continued prosecution of Plaintiff. The

6

Magistrate thereafter, in opposition to a motion to dismiss made by Plaintiff's attorney,[5] bound Plaintiff over for trial in Richland County General Sessions Court.

Plaintiff contends that Tucker had a grudge against Plaintiff, and that "after deciding to accuse the Plaintiff of the robbery, Defendant Tucker put together a six person photo lineup." Memo. in Opp. at 2 (Dkt. # 25, filed Jan. 15, 2007). Aside from this self-serving statement, Plaintiff presents no evidence which would lead this court to believe that Tucker did not reasonably believe that it was Plaintiff on the videotape, or that the presentation of the photographic lineup to the victims was tainted. As to the results of the preliminary hearing, Plaintiff makes no argument that Defendant presented false testimony at the preliminary hearing. The Magistrate's finding of probable cause at the preliminary hearing, therefore, broke the "chain of causation" between Defendant's alleged tainted investigation and this § 1983 action asserting a claim for malicious prosecution. *Taylor v. Meacham*, 82 F.3d 1556, 1564 (10th Cir. 1996).

Plaintiff also challenges the validity of the warrant itself due to Defendant Tucker's allegedly "tainted" information which was provided in support of its issuance. To succeed on his claim, Plaintiff must prove that Tucker "deliberately or with a reckless disregard for the truth made material false statements in his affidavit, or omitted from the affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." *Miller v. Prince George's County Md.*, 475 F.3d 621, 627 (4th Cir. 2007) (internal quotations and citations omitted). "Reckless disregard" can be established by evidence that an officer acted "with a high degree of awareness of [a statement's] probable falsity," that is, "when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt

---

[5]Plaintiff was represented by a different attorney than represents Plaintiff in this matter.

7

the accuracy of the information he reported." *Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir. 2000) (internal quotation marks omitted).

"It is well-established that a false or misleading statement in a warrant affidavit does not constitute a Fourth Amendment violation unless the statement is 'necessary to the finding of probable cause.'" *Wilkes v. Young*, 28 F.3d 1362, 1365 (4th Cir. 1994) (quoting *Franks v. Delaware*, 438 U.S. 154, 156 (1978)). "Moreover, in order to violate the Constitution, the false statements or omissions must be 'material,' that is, 'necessary to the [neutral and disinterested magistrate's] finding of probable cause.'" *Miller*, 475 F.3d at 628 (quoting *Franks*, 438 U.S. at 155-56). To determine a statement's materiality, this court must "excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause." *Wilson*, 212 F.3d at 789. If the "corrected" warrant affidavit still establishes probable cause, no civil liability lies against the officer.

The affidavit in support of the warrant indicates that "[t]he defendant was picked out of a photo line-up by both victims." (Dkt. #23-7, filed Dec. 29, 2006). There is no statement contained in the warrant's affidavit relating to what Defendant Tucker did or did not believe about who committed the crime; therefore, there is no material statement to excise in this regard.

For all these reasons, the court finds that Dendant Tucker is entitled to qualified immunity. Tucker's motion for summary judgment as to Plaintiff's Fourth Amendment claim, including his claim for malicious prosecution under the Fourth Amendment, is **granted**. Plaintiff's Fourth Amendment and malicious prosecution claims are dismissed with prejudice.

**Fifth and Fourteenth Amendments**

Plaintiff's complaint, in the section titled "Violation of Fifth Amendment Rights," contends that Defendant Tucker "violated Plaintiff's rights under the 14th Amendment 16 [sic] due process by persecuting Plaintiff." Complaint at ¶ 16 (Dkt. #1, filed Jan. 20, 2006).

Plaintiff's complaint "is far from a model of clarity, rendering enigmatic an identification of 'the specific constitutional right allegedly infringed by the challenged [conduct].'" *Taylor v. Waters*, 81 F.3d 429, 433 (4th Cir. 1996) (quoting *Graham v. Conner*, 490 U.S. 386, 394 (1989)). Regarding the Fifth Amendment, Plaintiff states in his Reply that "[t]he Fifth Amendment provides broader protection than simply that against self-incrimination. Due process being among the chief protections." Reply at 4 (Dkt. # 25, filed Jan. 15, 2007).

As to his Fourteenth Amendment claim, Plaintiff states that "[t]he Fourteenth Amendment enforces the rights of US [sic] citizens against agents of the state." Reply at 4 (Dkt. #25, filed Jan. 15, 2007). The court finds that Plaintiff has failed to state a cause of action under either the Fifth or Fourteenth Amendment. Therefore, Defendant Tucker is entitled to summary judgment on these claims and Plaintiff's Fifth and Fourteenth Amendment claims are dismissed with prejudice.

**False Arrest**

Plaintiff's second cause of action is titled "False Arrest." The court presumes Plaintiff seeks relief under a state law cause of action for false arrest.[6] Defendant did not address this claim in his

---

[6]To the extent Plaintiff's complaint can be read to allege a § 1983 action based on an alleged Fourth Amendment violation claiming false arrest, such a claim would fail because "a claim for false arrest may be considered only when no arrest warrant has been obtained." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998).

motion for summary judgment.  Ordinarily, this court would dismiss this claim without prejudice pursuant to 28 U.S.C. § 1367.[7]

To prevail on a state law cause of action for false arrest, Plaintiff must establish: "(1) the defendant restrained the plaintiff, (2) the restraint was intentional, and (3) the restraint was unlawful." *Law v. South Carolina Dept. of Corrections*, 629 S.E.2d 642, 651 (S.C. 2006).  Plaintiff cannot meet the third element, as Plaintiff was arrested pursuant to a lawfully issued warrant.  *Jones v. City of Columbia*, 389 S.E.2d (S.C. 1990).  To the extent that Plaintiff argues that the warrant with which he was arrested was not "lawful authority" due to its alleged deficiencies, the court has rejected this argument as discussed above.  Therefore, the court dismisses Plaintiff's false arrest claim with prejudice.

**Conclusion**

Defendant Tucker's motion for summary judgment is **granted**.  Defendant Reed is dismissed from this action with prejudice.  Plaintiff's conspiracy claims under 42 U.S.C. §§ 1985 and 1986 are dismissed with prejudice.  Plaintiff's claim for false arrest is hereby dismissed with prejudice.

---

[7]It is this court's customary practice to decline to exercise supplemental jurisdiction over state law claims when the federal claims are dismissed in advance of trial.  28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  As the Fourth Circuit explained in *Taylor v. Waters*, 81 F.3d 429, 437 (4th Cir. 1996), the decision to decline the exercise of supplemental jurisdiction after dismissal of the original jurisdiction claim will "hinge on the moment within the litigation when the dismissal of the touchstone claim takes place . . . ." (*quoting* 28 U.S.C. § 1367, practice commentary (West 1993)).  Where the original jurisdiction claim is dismissed before trial, the state claims should be dismissed as well.  *Gibbs*, 383 U.S. at 717; *Taylor*, 81 F.3d at 437.  The court notes that 28 U.S.C. § 1367(d) provides that "[t]he period of limitations for any [state law claim asserted under 1367(a)] . . . shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."  The constitutionality of this statute was upheld in *Jinks v. Richland County*, 538 U.S. 456 (2003).

Defendant Movie Gallery having previously been dismissed from this action, the Clerk shall enter

judgment accordingly.

      **IT IS SO ORDERED.**

                                      s/ Cameron McGowan Currie
                                      CAMERON MCGOWAN CURRIE
                                      UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 18, 2007

C:\temp\notesB0AA3C\~0641625.wpd